# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**DEQUINCY JANET**                                                                                                    **PETITIONER**

V.                                        NO. 4:21-CV-00933-LPR-JTK

**DEXTER PAYNE, Director**
**Arkansas Division of Correction**                                                                    **RESPONDENT**

## RECOMMENDED DISPOSITION

The following recommended disposition has been sent to United States District Court Judge Lee P. Rudofsky. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Petitioner Dequincy Janet's 28 U.S.C. § 2254 habeas petition should be summarily dismissed, without prejudice, because it is clear from the face of the petition that the Court lacks jurisdiction to entertain his claims.

## Background

Mr. Janet, an inmate at the North Central Unit ("NCU") of the Arkansas Division of Correction ("ADC"), asserts a catalogue of incredible allegations against state and federal judges and prison officials, claiming that they work in concert to deny prisoners access to their criminal records (*Doc. 1, at 1, 9*) and "illegally incriminate and incarcerate American citizens in violations of the United States Constitution." *Id. at 5*.

Mr. Janet does not identify a conviction or sentence against him that he is challenging, only states that such information is "unknown" and "can be changed." *Doc. 1, at 1*.

The only criminal history or cases specified in the petition concern another NCU inmate, Rickey a/k/a "Ricky" Ashley. *Id. at 4, 6-7, 10-12.* Mr. Ashley is a prolific filer in this Court, and his name appears on the restricted filer list.[1] "Mr. Janet's" petition includes allegations repeated

---

[1] Magistrate Judge J. Thomas Ray recently issued a recommendation, adopted by District Judge James Moody, Jr., recommending that the Court impose a $500 monetary sanction against Mr. Ashley for attempting to circumvent his restricted-filer status by filing a habeas petition in another prisoner's name. See *Hobbs v. Payne*, No. 4:21-CV-00288-JM-JR, ECF No. 6 & 7, 2021 WL 3483437 (E.D. Ark. July 19, 2019) (Recommendation), 2021 WL

in cases that Mr. Ashley has filed in previous cases, claiming, with graphic and sordid detail, that a state judge sexually assaulted Mr. Ashley. *Id. at 6*; see also *Ashley v. Arnold*, No. 4:21-CV-00608-BSM, ECF No. 2, at 7 (Compl. filed July 6, 2021) and *Ashley v. Payne*, No. 4:19-CV-00624-SWW, ECF No. 31, at 8 (Objection filed Jan. 3, 2020).

**Discussion**

After a § 2254 habeas petition is filed, Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires that the district court conduct an initial review and dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, it is clear from initial review that the Court lacks subject matter jurisdiction to consider Mr. Janet's claims.

"The jurisdiction granted federal courts under § 2254 . . . is limited. Federal courts have jurisdiction to 'entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (quoting 28 U.S.C. § 2254 and citing *Coleman v. Thompson,* 501 U.S. 722, 730 (1991)). "The central focus of the writ . . . is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release." *Id*. at 1130 (citing *Preiser v. Rodriguez,* 411 U.S. 475, 498 (1973)).

Rather than challenge a specific conviction or sentence entered against *him*, Mr. Janet repeats outlandish claims personal to Mr. Ashley and generally accuses judges and prison officials of conspiring to keep prisoners illegally incarcerated. Because these claims do not challenge Mr. Janet's custody, they cannot be considered under § 2254. See *Kruger v. Erickson*, 77 F.3d 1071,

---

3476687 (E. D. Ark. Aug. 6, 2021) (Adopting Rec.). The recommendation in *Hobbs* provides an in-depth history of Mr. Ashley's frivolous and repetitive habeas actions.

1073 (8th Cir. 1996) ("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

Finally, to the extent that Mr. Janet's attempts to state a claim for the deprivation of constitutional rights by a state actor, normally cognizable under 42 U.S.C. § 1983, he fails because his allegations are entirely incredible and malicious. 28 U.S.C. § 1915A(b) (requiring that district courts review, before or as soon as practicable after docketing, all prisoner civil complaints seeking redress from the government and to "dismiss the complaint . . . if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted").

## Conclusion

**IT IS THEREFORE RECOMMENDED** that:

1. Petitioner Dequincy Janet's § 2254 Petition for Writ of Habeas Corpus (Doc. 1) be **DISMISSED** without prejudice.

2. A certificate of appealability be **DENIED** pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

IT IS SO ORDERED this 17th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE